■ DANIEL D. BINGHAM, Respondent, v. WELLS, RICH, GREENE, INC., Appellant.— Order entered April 2, 1970, modified on the law and the facts and in the exercise of discretion, without costs and without disbursements, to the extent of striking items 1, 2 and 4 from plaintiff's supplemental notice of examination of defendant and directing that the examination of defendant proceed after defendant has examined plaintiff on a date to be set by the parties within 20 days after entry of the order filed herein, and otherwise affirmed. Under items 1, 2 and 4 plaintiff, in this action for damages for breach of an oral contract of employment, seeks all correspondence and memoranda and employment agreements between defendant and some 43 individuals other than plaintiff, regarding employment of advertising agencies and other employees. These records are neither material nor necessary on the question of plaintiff's agreement with defendant. Nor would such records aid plaintiff in establishing a general custom in the advertising industry. This record does not justify a departure from the general rule that the order of priority of examination will not be disturbed except upon a showing of special circumstances. Here defendant originally had priority by service of its notice with its answer (CPLR 3106, subd. [a]). There is no justification to disturb defendant's clear right to priority of examination. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.

■ DANIEL D. BINGHAM, Respondent, v. WELLS, RICH, GREENE, INC., Appellant.— Order entered February 2, 1970, denying defendant's motion for summary judgment as to the first cause of action unanimously affirmed, without costs and without disbursements, and without prejudice to renewal after discovery proceedings have been completed. We agree that the portion of the employment contract pleaded by plaintiff involving a transfer of title to shares of stock for a price is a sale of securities within the purview of section 8–319 of the Uniform Commercial Code and is not enforceable unless " there is some

writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price ". (Uniform Commercial Code, § 8–319; *Burnside & Co.* v. *Havener Securities Corp.*, 25 A D 2d 373; see, also, comment to § 2–304, 8B Bender's Forms UCC, p. 169.) Plaintiff has demonstrated that facts essential to justify opposition may exist and he should be afforded the opportunity to avail himself of disclosure devices (CPLR 3212, subd. [f]). The instant motion was made immediately subsequent to joinder of issue without giving plaintiff an opportunity for disclosure of proof peculiarly within defendant's knowledge of his allegations, undenied by defendant, of the existence of intra-office memoranda approving and confirming the contract of employment and sale of the securities by defendant's Board of Directors. If plaintiff cannot establish by disclosure proceedings the existence of a writing approving or confirming the agreement to sell the stock and approval thereof by defendant's board of directors (Business Corporation Law, § 504; *Goldenberg* v. *Bartell Broadcasting Corp.*, 47 Misc 2d 105) he will have failed to establish a good cause of action and defendant should be permitted to renew its application for summary judgment. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.